UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRYAN FLETCHER and
GARRETT FLETCHER                                 Case No. 24-cv-01913 (AS)

                Plaintiffs,

    -against-

ABDOULAYE NIANG,
ALEXANDER NIANG,
MEWZA LLC, ABARIKA LLC,
HENAN FANDING NETWORK
TECHNOLOGY CO., LTD, and JOHN AND
JANE DOES A-Z;
and XYZ COMPANIES 1-10,

                Defendants.
------------------------------------------------------------------x

## [PROPOSED] ORDER OF PERMANENT INJUNCTION

WHEREAS, Plaintiffs Bryan Fletcher and Garrett Fletcher (collectively, the "**Fletchers**") are the record owners of: (a) Copyright Registration No. PA 2-377-605 in connection with the "Rainbow Friends" video game, including registered expressions of the characters Blue, Green, Orange, Pink, Purple, and the Scientist (the "**Rainbow Friends Copyright**"); and (b) trademark registrations in the RAINBOW FRIENDS wordmark in connection with various goods and services, including but not limited to Trademark Registration Nos. 7199928, 7236013, 7389327, 7395635 and 7430266 (the "**Rainbow Friends Mark**") (together with the Rainbow Friends Copyright, the "**Rainbow Friends Assets**");

WHEREAS, Defendant Alexander Niang ("**Alex**") is the record owner of Copyright Registration Nos. VAu1-491-513 and VAu1-493-780 in connection with the designs of characters referred to as "Alex's Purple" and "Alex's Green" (collectively, "**Alex's Works**");

1

WHEREAS, in the above-captioned action (this "**New York Action**"), the Fletchers filed suit against Alex and his father, Abdoulaye Niang, as well as Mewza LLC and Abarika LLC (collectively, the "**Niang Parties**"), among others, alleging that the Niang Parties infringed upon the Rainbow Friends Copyright and Rainbow Friends Mark; and a stipulated order of injunction was entered against the Niang Parties on June 25, 2024 (ECF 53);

WHEREAS, in *Abdoulaye Niang as parent of Alexander Niang v. PhatMojo, LLC and Roy & Charcle, LLC*, Case No. 1:23-05446-SEG (N.D.Ga.) (the "**Georgia Action**"), Abdoulaye Niang, on behalf his then-minor son, Alex, filed suit against PhatMojo, LLC ("**PhatMojo**") and the Fletchers' company, Roy and Charcle, LLC ("**R&C**"), alleging that R&C and PhatMojo infringed upon Alex's registered copyright in Alex's Works;

WHEREAS, in *Fletcher et. al. v. Aihau et al.*, Case No. 1:22-09867-PKC (S.D.N.Y.) (the "**2022 Action**"), the Fletchers filed suit against various third parties, alleging infringement of certain Rainbow Friends Assets; named Abdoulaye Niang (among others) as a defendant in January 2023; and voluntarily dismissed the action without prejudice in April 2023;

WHEREAS, to avoid the expense and uncertainty associated with any further litigation, the Fletchers, the Niang Parties, R&C and PhatMojo (collectively, the "**Parties**") have entered into a settlement agreement (the "**So-Ordered Settlement Agreement**"), which fully and finally resolves this New York Action, the Georgia Action, and the allegations against Abdoulaye Niang in the 2022 Action, with no admission of liability by any Party; and

WHEREAS, as part of the So-Ordered Settlement Agreement, the Fletchers and the Niang Parties have agreed to the following Permanent Injunction in addition to the order of injunction that was entered in this New York Action on June 25, 2024;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that injunctive relief is granted in favor of Bryan Fletcher and Garrett Fletcher, and that the Niang Parties, and their corporate entities, successors, assignees, designees, officers, directors, employees, agents, partners, representatives, affiliates and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

**PERMANENTLY ENJOINED FROM:**

1.  <u>Permanent Injunctions</u>.  The Niang Parties agree that they will permanently refrain from any and all of the conduct identified below (collectively the "Enjoined Conduct") in connection with the Rainbow Friends Mark and Rainbow Friends Copyright, whether claimed to be fair use or otherwise, for any purpose, class or services, including business names, worldwide:

    a)   The Niang Parties shall not create, sell, manufacture, advertise, promote or distribute any merchandise, products, including videos, mods or morphs that includes or depicts in any manner the Rainbow Friends Mark or Rainbow Friends Copyright owned by the Fletchers anywhere in the world;

    b)   The Niang Parties shall not use any of the Rainbow Friends Assets, or any copy or colorable imitation thereof, or any mark or name likely to cause confusion therewith, by *inter alia*, reproducing, copying, imitating or allowing the Rainbow Friends Assets to be reproduced, copied, and/or used on any merchandise, products, mods, morphs, advertising and/or promotional materials (including hangtags, wrappers, receptacles, labels, packaging), or as part of a website or domain name by the Niang Parties as of the Effective Date of this Agreement;

    c)   The Niang Parties shall not monetize, promote, market, or otherwise make any use of "Alex's Purple" or "Alex's Green."

d) The Niang Parties shall not make, tarnish, or dilute the Rainbow Friends Mark or Rainbow Friends Copyright and the good will attendant with the Rainbow Friends Mark or cause, aid, abet, encourage third parties to do so. The Niang Parties shall not make any statement or representation whatsoever, or use any false designation of origin or false description, and/or perform any act which can or is likely to lead the general public or ultimate purchaser to believe that the merchandise, products, or services manufactured, distributed or sold by the Niang Parties, or its licensees, distributors or other agents, is in any manner associated with, connected to, licensed by, or approved by the Fletchers.

e) The Niang Defendants warrant and acknowledge that they have voluntarily agreed to enter into this Permanent Injunction, having been fully advised by counsel as to all terms herein.

f) Nothing herein shall prevent the Parties from disseminating and publishing the So-Ordered Settlement Agreement and Permanent Injunction in an accurate and non-misleading way.

**IT IS FURTHER ORDERED** that, the Plaintiffs shall not be required to post any bond with the Clerk of the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

1. that this Court shall retain sole and exclusive jurisdiction over the parties hereto for the purpose of any proceedings to enforce the Permanent Injunction;

2. that the parties hereto have waived appeal from this Permanent Injunction;

3. that this Permanent Injunction shall be binding upon and shall inure to the benefit

of the parties hereto, and their respective successors and assigns; and

4.  that the parties waive any findings of fact or conclusions of law in connection with this Permanent Injunction.

Dated: New York, New York

May 20, 2025

SO ORDERED:

_____
Hon. Arun Subramanian

## CONSENT

The undersigned hereby consent to the entry of a Permanent Injunction in the form annexed hereto.

Approved as to form:

**HERBSMAN HAFER WEBER & FRISCH, LLP**

By: *(signed)* Dorothy D. Weber
Dorothy M. Weber, Esq. (DMW-4734)
494 Eighth Avenue, 6th Floor
New York, New York 10001
dorothy@musiclaw.com
(212) 245-4580

*Attorneys for Plaintiffs Bryan Fletcher and Garrett Fletcher*

**HOLLAND & KNIGHT LLP**

By: */s/Duvol Thompson*
Duvol Thompson, Esq.
787 7th Avenue, 31st Floor
New York, New York 10019
Duvol.thompson@hklaw.com
(212) 513-3263

By: */s/Courtney Batliner*
Courtney Batliner, Esq.
(*Admitted Pro Hac Vice*)
10 St. James Avenue, 11th Floor
Boston, Massachusetts 02116
courtney.batliner@hklaw.com
(617) 523-2700

By: */s/Tanisha Pinkins*
Tanisha Pinkins, Esq.
(*Admitted Pro Hac Vice*)
1180 West Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30309
Tanisha.pinkins@hklaw.com
(404) 817-8437

*Attorneys for the Niang Defendants*